THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION NO. 04-2111** |
| **VERSUS** | * | **JUDGE JAMES** |
| **JERRY LYNN ROBINSON AND JANICE MARILYN MATSON ROBINSON** | * | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Summary Judgment (Doc. #22) filed by Plaintiff, the United States of America ("Government") against Defendants Jerry Lynn Robinson and Janice Marilyn Matson Robinson ("Defendants"). The motion is unopposed. For the reasons stated below, it is recommended that the motion be **GRANTED.**

### BACKGROUND

This action arises from the Government's status as owner and holder in due course of two promissory notes issued by the defendants and made payable to the Farmers Home Administration, United States Department of Agriculture ("FmHA").[1] On March 31, 1994, the defendants executed and delivered to the Government two promissory notes with principal amounts of $126,000 and $46,500, respectively, both with interest rates of 5.25%. Government Exhibits A and E. On January 9, 1996, both notes were rescheduled, resulting in new principle amounts of $136,996.81 and $50,609.97, respectively. *Id.* On June 25, 2002, the Government invoked the Notes' optional acceleration clauses and declared the entire indebtedness immediately

---

[1] Jurisdiction in this action is predicated on 28 U.S.C. § 1345.

1

due and payable. Government Exhibit D. According to the Government's complaint, there is presently due and outstanding under the Notes unpaid principals of $119,149.25 and $50,609.97, and unpaid interest of $29,909.02 and $21,931.65, respectively.[2] The complaint also alleges that costs in the amount of $155.00 and $108.00 were advanced to the defendants to protect the property securing the notes.

Accordingly, the Government alleges that the defendants are in default on payment due under the notes, and that the entire balance is now due and payable, as a result of acceleration of the maturity of the unpaid principal balance and interest or by virtue of the terms for payment of the notes. The Government seeks an *in personam* judgment for the above amounts, plus any additional interest to which it may be entitled and all costs of this action.

## LAW AND ANALYSIS

Summary Judgment Standard

Summary judgment is appropriate when the evidence before the Court shows that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. F.R.C.P. Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" under this standard if the non-moving party has presented sufficient evidence that a reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden in summary judgment situations, and must demonstrate through portions of the pleadings, depositions, answers to interrogatories, admissions and/or affidavits that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has successfully demonstrated the absence of a genuine issue

---

[2]These figures represent unpaid interest accrued to June 27, 2006.

of material fact, the burden shifts to the non-moving party to show the opposite. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In doing so, the non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, he "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

While the facts are to be reviewed with all inferences drawn in favor of the non-moving party, factual controversies are resolved in favor of the non-movant only when there is an actual controversy. That is, when both parties have submitted evidence of contradictory facts. *McCallum Highlands, Limited v. Washington Capital DUS, Inc.*, 66 F.3d 89 (5th Cir. 1995). In this case, the plaintiff has failed to file to submit evidence of any facts contradictory to those submitted by the moving party. In the absence of a timely opposition to the motion, this Court must accept the evidence presented by the defendant and its statement of undisputed facts as true. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); ULLR 56.2E&W. Thus, for purposes of this motion, such facts are deemed admitted.

Discussion

"Under a nationwide federal loan program like that of [the] FmHA, it is settled that federal law ultimately controls the government's rights and responsibilities." *Farmers Home Admin. v. Muirhead*, 42 F.3d 964, 965 (5th Cir. 1995) (citing *United States v. Kimbell Foods, Inc.*, 440 U.S. 715 (1979)). "To recover on a promissory note, the Government must show [that] (1) the defendant signed [the note], (2) the government is the present owner or holder [of the

note], and (3) the note is in default." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (citing *FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1993)).

The Government has set forth the following facts as material and undisputed:

- Plaintiff is the holder in due course and owner of two promissory notes made payable to the order of the FmHA by the defendants, described as follows:

    Note A: 3/31/94 - $126,000.00, 5.25% interest rate; (rescheduled 1/9/96 - $136,991.81, 5.25% interest rate); and

    Note B: 3/31/94 - $46,500.00, 5.25% interest rate; (rescheduled 1/9/96 - $50,609.97, 5.25% interest rate).

- Defendants are in default on payments due under the Notes and the entire balance is now due and payable as a result of acceleration of maturity of the unpaid balance and interest by Plaintiff or by virtue of the terms for payment of the Notes.

- There is presently due and outstanding under the Notes unpaid principal and interest accrued to June 27, 2006, the following amounts:

    Note A: $119,149.25 and $41,854.14 accrued interest, with daily interest accrual at $16.2190;

    Note B: $50,609.97 principal and $27,005.47 accrued interest, with daily interest accrual at $6.9400.

- There have been costs of $155.00 (reinscription fee) and $108.00 (filing fee) advanced to the defendants to protect the security property.

- Plaintiff is entitled to an *in personam* judgment against the defendants for

4

the amounts set forth above.

*See* Government's statement of undisputed facts. Furthermore, in support of the these facts, the Government has submitted competent summary judgment evidence in the form of an Affidavit and Statement of Account from Willie F. Cooper, State Executive Director of the Farm Service Agency, and a Declaration from Calvin Adams, Farm Loan Manager for the Farm Service Agency.[3] Therefore, because the undersigned must accept these facts and evidence as true, the Government has met its initial burden of establishing that it is entitled to recover on the Notes. Having submitted no opposition to the Government's summary judgment motion, the defendants have failed to satisfy their burden as the non-moving party of setting forth specific facts evidencing a genuine issue of material fact.[4] Thus, the plaintiff is entitled to judgment as a matter of law.

For the reasons stated above, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Doc. #22) be **GRANTED** and that judgment be entered against Defendants in the amount of $119,149.25 and $41,854.14 accrued interest through June 27, 2006, with daily interest accrual at $16.2190 until paid on Note A; and $50,609.97 principal and $27,005.47 accrued interest through June 27, 2006, with daily interest accrual at $6.9400 until paid on Note B; together with $263.00 in advanced costs and all costs of this action.

---

[3] *See* Government Exhibits A and B; *see also* Government's statement of undisputed facts.

[4] The defendants contend in their respective Answers that the plaintiff's claim is prescribed. However, a statute of limitations defense is an affirmative defense on which the pleading party bears the burden of proof. *F.T.C. v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 322 (5th Cir. 2004) (citing Fed.R.Civ.P. 8(c)). Hence, the burden is on the defendants to establish a genuine issue of material fact as to the timeliness of the Government's claim. *United States v. Ret. Services Group*, 302 F.3d 425, 430 (5th Cir. 2002). Not only have the defendants failed to provide any evidence supporting their contention that the Government's claim is prescribed, they have failed even to assert the basis of their statute of limitations defense.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 14th day of December 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE